IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
Civil Division

FAUNETTE EVANS-REID,
IN HER OWN BEHALF AND AS
PERSONAL REPRESENTATIVE TO
THE ESTATE OF SEAN EVANS
3115 LAUREL AVENUE
CHEVERLY MD 20785

        Plaintiff,

v.                                                        Case #

THE DISTRICT OF COLUMBIA
SERVE:
    THE ATTORNEY GENERAL
    OF THE DISTRICT OF COLUMBIA
    441 4TH STREET, NW,
    DC 20001

    THE HONORABLE ADRIAN FENTY
    MAYOR OF THE DISTRICT OF COLUMBIA
    441     4TH STREET, NW
    DC 20001

        Defendant.

COMPLAINT FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS
UNDER COLOR OF STATE LAW AND STATE TORTS

1. Jurisdiction is founded upon 42 U.S.C. § 1983 (1982 Ed). During 1995 through July 11, 2007 and thereafter, the defendant, acting under color of state law, deprived the FAUNETTE EVANS-REID (plaintiff) and SEAN EVANS, (plaintiff's deceased infant son) of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty

1

protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution. The defendant's agents servants and employees wrongfully slew SEAN EVANS. Thereafter the defendant's officials, agents servants and employees wrongfully mishandled evidence of the slaying and denied plaintiff access to legal remedies and due process of the law. The defendant thereby deprived palintiff and her deceased son Sean of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment in the concept of personal bodily integrity and the right to be free of unauthorized and unlawful, arrest, assault, lethal force and other provisions of the Constitution.

Facts

2. The plaintiff is the mother of the deceased Sean Evans, a 13 year old boy. On May 21, 1995 Sean was wrongfully shot dead by Officer Mark Green, a member of Metropolitan Police Department on. Commencing on May 21, 1995 and continuing through the current time the defendant and its obstructed, impeded, delayed, and denied the plaintiff of rights to legal redress as secured or protected by the Constitution or laws of the United States.

3. On May 21, 1995 Mark Green and his partner David Mosley, of the Metropolitan Police Department, stopped a red vehicle in which Sean was a passenger. The interior door handle was inoperative. With his chest facing the passenger side window, Sean reached for the exterior door handle with his left hand to open the door. While Sean's chest was facing the frame of the passenger side window, Mark Green shot Sean in the chest from a muzzle range of two inches. The gunshot perforated Sean's shirt and chest. Stipple residue was imbedded in Sean's. The shell casing ejected from Green's Glock landed outside the car. Green admitted in a

deposition that it was 2 inches. Green also testified that he immediately stepped back and fired a second shot into Sean's face from a muzzle range of 12 inches. The second shell casing also landed outside the car. Sean died instantly. Green and Mosley planted a BB gun in the car near Sean. By their conduct the District's agents servants and employees, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States. The tea shirt which Sean was wearing at the time of the shooting was important forensic evidence of the homicide investigation, which should have been preserved and evaluated by the medical examiner's office to determine the muzzle range. The police department withheld the tea shirt from the medical examiner and ultimately destroyed the shirt. By their conduct the District's agents servants and employees, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States. An unidentified police cadet arrived at the scene early and observed whether there was no BB gun in the car at that time of his initial observation. The police department spoiled the identification of the cadet and the documentation of his observations. By their conduct the District's agents servants and employees, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States. Within the police department several officers came forward with pertinent information concerning Green and Mosley: specifically, *that Mosley had a history of drop gun possession ; that Mosely and Green were known for racist statements concerning African Americans; that Mosley stated that immediately prior to the shooting he and Green were at an intersection talking about shooting an African American Male when the red vehicle passed; that they pursued the vehicle and the shooting happened; that after the shooting Green and Mosley planned a party to celebrate the kill with a party cake emblazoned with the*

*image of a dead African American male and a card to congratulate Green on the kill.* The foregoing information was recorded in internal affairs records. In civil discovery, the District's officials provided false interrogatory answers signed by police officials which wrongfully denied the existence of the internal affairs records. By their conduct the District's agents servants and employees, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States.

    4.    Plaintiff filed a civil law suit in the defendant' judicial department against the District and police. The defendant's judicial department unreasonably and wrongfully delayed plaintiff's case for twelve (12) years from June 1995 until July 11, 2007.

    5.    In the civil trial proceeding, Officer Green and the District colluded and conspired to destroy and falsify the evidence concerning *(1) the shooting, (2) Sean's conduct, (3) the position of Sean's body, (4) the muzzle range of Green's chest shot, and (5) the muzzle range of Green's head shot.* The stipple imbedded in Sean's shirt was unbiased forensic proof of a 2 inch muzzle range. That stipple evidence (of the two inch muzzle range) together with the undisputed locatiarrof the shell casings outside the car (on the passenger side ) was circumstantial evidence that tended to make it more probable than not that Sean was facing the passenger side window reaching for the exterior door handle with his left hand, and was not leaning back in the passenger seat trying to pull the BB gun from his waist band. Conversely, if Sean was leaning back in the passenger seat, then Green would have had to position his Glock well within the Mazda in order to position the muzzle 2 inches from Sean's chest. In which case, the first shell casing would have ejected inside the Mazda, instead of outside where it was found. Sean's shirt with the stipple residue was evidence of the two inch muzzle range. The shirt was independent,

unbiased forensic evidence. In fact, it was the best evidence that could exist concerning the muzzle range.

      6. The District wrongfully withheld Sean's shirt from the medical examiner's official evaluation and, at some point, destroyed the evidence. The destruction of the shirt set the stage for Green to give perjured testimony. Green gave perjured trial testimony that the chest shot was fired from a muzzle range of several feet distance, while Green and his gun were completely outside the car and Sean was leaned far back in the passenger seat. Green emphasized that Sean had to lean a great distance backwards into the seat to draw the large BB gun from his waist band. The District and Green conspired to corrupt the medical examiner's forensic findings and expert court room testimony. They also conspired to facilitate Green's perjured trial testimony and to destroy stipple evidence that contradicted Green's perjury.

      7.    The Defendant's trial judge who presided over the civil trial proceeding dismissed plaintiffs case on a ground of insufficiency of evidence at the end of plaintiffs case in chief. On appeal plaintiff requested that the Defendant's appeals court evaluate the correctness of the insufficiency of evidence finding. Green testified at trial that he fired the chest shot from a closer range and withdrew to a greater range to fire the head shot. The medical examiner opined that stipple on Sean's face proved that the head shot was fired from a 12 inches muzzle range. At Argument #5 of her brief pointed out that a trier of fact had sufficient evidence to conclude that the chest shot was fired from a muzzle range of 2 or 3 inches (certainly less than 12 inches ) and therefore Sean's chest was close to the window and not leaned far back in the passenger seat. The District's appeals court seemingly ignored plainitff's appeal. After seven years of unreasonable delay plaintiff filed three motion to disqualify the appeals court and the three judge panel.

Subsequent to the filing of the motions the appeals panel made a 23 page ruling , but completely ignored Argument #5 in its opinion.

8. The inexcusable, unreasonable and unexplained procrastination of the appeals court and the appeals panel constituted unethical and unconstitutional conduct. The panel's wrongful conduct created a personal interest for the panel members to rule in a manner that justified, mitigated or deflected their own misconduct. The appeals panel was involved in a structural defect based on personal interest when it finally attempted a ruling.

9. Plaintiff has subsequently learned that the trial judge was involved in a structural defect when she presided over plaintiff's trial. The Defendant's trial judge subsequently admitted to in a report to police officials and reaffirmed to the judicial tenure commission that she believed that the District's judicial officers and police officers owed one another preferential treatment in matters official decision making. The judges philosophy of preferential treatment was presumptively based upon her long career of legal studies and qualifications and experience as a government prosecutor and trial court judge.

10. The three judge panel on the Defendant's Appeal Court, which incidentally denied plaintiff's appeal, wrongfully had, acquired and created for itself a personal interest and motivation to decide the appeal in a manner that protected the panel members from the negative consequences their own unreasonable and unethical conduct, which they committed while they presided over the case.

11. The three judge panel on the Defendant's Appeal Court wrongfully entered a order and decision in favor their own personal interest and against the interest of the plaintiff .

12. When it rendered its decision in favor of its own personal interest, the three judge

panel on the Defendant's Appeal Court ignored and fail to address pivotal issues concerning sufficiency of the evidence that the court it was asked to consider under Argument #5 of the Brief that plaintiff filed.

13. The three judge panel of the Defendant's Appeal Court permitted the Defendant's executive department to disobey court orders and to disregard court rules. The court's failure to uphold and enforce its rules and orders against the District's executive department and thereby violated constitutional requirements for separation and independence between the judicial and executive branches and deprived plaintiff of her rights under color of law.

14. The District wrongfully and unreasonably delayed plaintiff's civil case from June 1995 until Julyl 1, 2007. After her case was unreasonably and wrongfully delayed for five years at the Superior Court, plaintiff suffered a wrongfully dismissal with prejudice by the hand of a judge who held a belief and conviction that members of the police department and the judicial department owed one another reciprocal preferential treatment in official decision making, which constituted a structural defect that renders the proceeding void. The District's agents servants and employees at the judicial department, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States.

15. In the District's court system was unreasonably delayed plaintiff's case from June 2000 until July 11, 2007 and deprived plaintiff of access to the state legal system. From the date of the argument in the appeals court, March 31, 2004, the three judge panel unreasonably delay a decision for thirty-nine (39) months through June 2007. The delay violated constitutional law and judicial standards and norms applicable the public's " . . . *strong interest in the prompt, effective, and efficient administration of justice; the public's interest in the dispensation of*

*justice that is not unreasonably delayed [which] has great force ". United States v. Burton,* 189 U.S. App. D.C. 327, 584 F.2d 485 (1978). The unreasonable delay vested in the panel member(s) a personal interest to deflect from their own misconduct, by ruling that the plaintiff's appeal was without merit and therefore no viable interest was harmed by the panel's delay. This additional three year (39 month) delay caused a cumulative unreasonable delay in the amount of twelve years from the date that plaintiff first filed her case in the District's judicial branch in June 1995. By their own misconduct the panel created for themselves a By racy interest in the rulings that they were obligated to make on plaintiff's appeal case. *(Bracy v. Gramley,* 520 U. S. 899, 905 (1997)

## The Slaying

16.     The defendants agents, servants, and employees deprived plaintiff and conspired to deprive the plaintiff of rights guaranteed under the Constitution of the United States of America. They did so by slaying Sean Evans, planting a drop gun, planning a celebration of the slaying, destroying forensic evidence, giving false testimony, providing untruthful interrogatory answers, deprivation of impartial adjudicator, creating and tacking delay, failure of independence and separation between the judiciary and executive and denial of access to legal remedies. In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

## Conspiracy

17.     The defendants agents, servants, and employees engaged in a conspiracy to

deprive the plaintiff of rights guaranteed under the Constitution of the United States of America, (1) by causing, creating, extending, contributing, enhancing and add delay, (2) by spoilation, destruction and falsification of evidence; (3) by deprivation of the right to an impartial adjudicator, and (4) by depriving plaintiff of access to legal remedies and otherwise conspired to deprive plaintiff of her rights guaranteed under the Constitution and federal law. In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

<u>Deprivation of Due Process of Law by Destruction of Forensic Evidence</u>

18.     The District's employees at the District of Columbia Metropolitan Police Department , acting under color of state law, deprived plaintiff of rights guaranteed and the Constitution of the United States of America including due process of the law by their spoilation of the stipple evidence tea-shirt. In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

<u>Deprivation of Due Process of Law by Untruthful Affidavits and Testimony</u>

19.     The District's employees at the District of Columbia Metropolitan Police Department including Officer Green, acting under color of state law, deprived plaintiff of rights guaranteed under the Constitution of the United States of America including due process of the

law by providing untrue answers to interrogatories under oath. In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

<u>Deprivation of Due Process of Law by failure of Impartial Adjudicator</u>

(Superior Court)

20.     The District deprived plaintiff of her rights to an impartial adjudicator. Plaintiff case as assigned to a judge who believed that members of the police department and the judiciary owed to one another reciprocal preferential treatment and were entitled to receive from one another reciprocal preferential treatment in matters of official decision making within the scope of their official duties and the proceeding was a nullity. In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

De rivation of Due Process of Law b Unreasonable Dela

(District of Columbia Court of Appeals)

21.     The District's employees at the District of Columbia Court of Appeals deprived plaintiff of her rights under the Constitution of the United States under color of state law.    The District's employees at the District of Columbia court of Appeals unreasonably delayed plaintiff's case from July 2000 until 2007. Furthermore the said employees unreasonably delayed rendering a decision from March 31, 2004, the date of submission, until July 11, 2007. In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or

protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

<u>Deprivation of Due Process of Law by failure of Impartial Adjudicator</u>

22.     Plaintiff was deprived of an impartial adjudicator at the District of Columbia. Court of Appeals since the three judge panel acquired an interest in the decision that they were obligated to render. The panel wrongfully and unethically extended the delay from 9 years to 12 years by adding a 39 month unreasonable delay in their duty to render a decision. Because of the wrongful and unethical conduct the several judges acquired personal interest in the decision that they were required to make. The participation the three judge was a nullity since they failed as an impartial adjudicator(s). In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

<u>Deprivation of Due Process of Law by a Failure of the Appeals Panel</u>
<u>to Rule on an Issue Presented for Appellate Review</u>

23.     The trial court dismissed plaintiff's case on a ground of insufficiency of the evidence. Under state law plaintiff had an absolute right to appeal the ruling. She did appeal the ruling. After a seven year delay the appeals court failed to address plaintiff's sufficiency of the evidence issue presented in Argument #5 of her brief and thereby deprived plaintiff of due process of the law. In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States, including

11

the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

### Deprivation of Due Process of Law by a Failure of Independence Between the Executive and Judiciary

24. The defendant wrongfully failed to maintain constitutional separation and independence between the executive and the judiciary. First, the trial judge held a conviction that members of the police department and the judiciary owed one another preferential treatment in official decision making. Second the District of Columbia Court of Appeals plaintiff permitted the executive department to disregard and ignore the Rules and Orders of the court. In so doing, the defendant, acting under color of state law, deprived the plaintiff of rights secured or protected by the Constitution or laws of the United States, including the rights and liberty protected by the Due Process Clause of the Fourteenth Amendment, and including other provisions of the Constitution

### Commutative Improper Conduct and Constitutional Deprivation

25. The defendant, acting by and through its employees, committed cumulative wrongful conduct and violations of the law and the constitution, which proximate injured the plaintiff.

### Damages:

26. As direct and proximate result of the defendant's wrongful conduct plaintiff sustained all of the injuries and damages alleged above and including the following injuries and

damages: (1) the illegal death of her minor child, (2) injury, damage, destruction and loss of her rights under state law to recover compensation for the death of her minor child, Sean Evans (3) deprivation, delay, denial, destruction and obstruction of plaintiff's rights as secured or protected by the Constitution or laws of the United States (4) mental anguish and suffering and unnecessary financial expenses.

27  W H E R E F 0 R E : Plaintiff demands judgment against the defendant in the amount of ($20,000,00.00) or alternatively in the amount adequate to compensate the plaintiffs for all injuries and damages that were proximately caused by defendant's misconduct.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues that are triable to a jury

### Verification

I, Faunette Evans-Reid. do hereby verify the truth of my foregoing complaint.

*Faunett Evans Reid*
Faunette Evans-Reid,

Respectfully,

*Kenneth Shepherd*
Kenneth Shepherd [ DC Bar #68262]
1226 11`ʰ Street, NW
Washington, DC 20001
202-289-4499
Counsel for Plaintiff

# Jury Demand

JS-44
(Rev.1/05 DC)

08-1194
RMU

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
FAUNETTE EVANS-REID
3115 LAUREL AVENUE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)
CHEVERLY MD
88888

## DEFENDANTS
THE DISTRICT of COLUMBIA
sue ATTORNEY GENERAL
441-4th ST. NW. DC 20001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kenneth Shepherd
1226-11th St NW
DC 20001   202-289-4499

AT

Case: 1:08-cv-01194
Assigned To : Urbina, Ricardo M.
Assign. Date : 7/11/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other)    OR    ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☐ **G. *Habeas Corpus/ 2255*** | ☐ **H. *Employment Discrimination*** | ☐ **I. *FOIA/PRIVACY ACT*** | ☐ **J. *Student Loan*** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. *Labor/ERISA (non-employment)*** | ☒ **L. *Other Civil Rights (non-employment)*** | ☐ **M. *Contract*** | ☐ **N. *Three-Judge Court*** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC §1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ $10,000,000.00   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 7/10/08   SIGNATURE OF ATTORNEY OF RECORD   *Kenneth Shepherd*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd